UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01876-JMS-MG |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Davis' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case STP 19-10-0075. For the reasons explained in this Entry, Mr. Davis' petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On October 25, 2019, Indiana Department of Correction (IDOC) Sgt. Maduekwe wrote a Report of Conduct charging Mr. Davis with a violation of IDOC Adult Disciplinary code A-123, "body fluid and fecal waste":

> On 10/25/2019 at approximately 12:15 Offender Davis, Michael doc#932519 urinated in strip down area in visitation claiming that he has a medical problem that puts him in uncontrollable situation. I Sgt Maduekwe immediately contacted medical to verify his claims and I was advised that it was totally false. Medical stated that Offender Davis only has high blood pressure nothing more. Offender Davis violated code 123 by his actions. EOR…

Dkt. 10-1.

Mr. Davis was notified of the charge on October 29, 2019, when he received the Notice of Disciplinary Hearing Screening Report. Dkt. 10-2. Mr. Davis pled not guilty, did not wish to call any witnesses, and indicated that he would bring his medical information to the hearing. *Id.*

This matter proceeded to a disciplinary hearing on November 5, 2019. Dkt. 10-3. Mr. Davis stated that he could not control his urine due to his blood pressure and his weight loss. *Id.* He stated he "was in the dressing room waiting to get strip out by the officer, but the officer left with other offender. I didn't just get up to go urinate." *Id.* The disciplinary hearing officer (DHO) indicated that he considered the staff reports and found Mr. Davis guilty. *Id.* His sanctions included a deprivation of earned credit time and a credit class demotion. *Id.*

Mr. Davis' appeal to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkt. 10-4; dkt. 10-5. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to the order to show cause on October 9, 2020. Dkt. 10. Mr. Davis did not file a reply.

### C. Analysis

Mr. Davis raises the following grounds for relief in his petition: (1) he was unable to present evidence of his medical condition; and (2) his medical condition, proven by attached documents to his petition, causes him to use the restroom frequently. Dkt. 1.

#### 1. Denial of Evidence

Mr. Davis claims that he requested that his medical records be presented at the disciplinary hearing, but that he was denied this right. *Id.* at 4. However, the record indicates the opposite. As first evidenced by the Screening Report form, Mr. Davis explicitly indicated that he would bring his medical records to the disciplinary hearing and requested no additional physical evidence or witnesses. Dkt. 10-2. The DHO attested that Mr. Davis "never had any medical documentation at the hearing" but claimed that his medical condition caused him to urinate on himself. Dkt. 10-7, ¶ 4. The DHO further attested that he asked Mr. Davis for the medical documents, but he did not provide them; the DHO then "made a call to the Medical Department and asked if they were aware" of Mr. Davis' medical condition. *Id.*, ¶¶ 5-6. The DHO stated he was told that Mr. Davis had no "such condition in his packet." *Id.*, ¶ 6. The DHO attested that during the hearing, Mr. Davis suggested that the DHO "could go on the internet and find out about his medical condition that he was so sure he had, and that made him not [be able] to control his flow of urine." *Id.*, ¶ 7.

Mr. Davis was not denied the evidence he sought; rather, the record supports that he did not supply the evidence he claims he wished to present at the hearing. Further, the DHO attested to taking additional steps during the hearing to contact the medical staff to inquire about any medical condition that Mr. Davis mentioned. The Court notes that the conduct report also corroborates no such medical

condition, as it indicated that Sgt. Maduekwe had also contacted the medical staff and was informed Mr. Davis only had high blood pressure. Dkt. 10-1.

The Court notes that Mr. Davis attached an Exhibit A to his petition, which consists of a document describing the symptoms of diabetes listing frequent urination, laboratory testing dated after Mr. Davis' hearing, and a request for healthcare form dated after his hearing, in which Mr. Davis asked if medical staff could confirm that he had diabetes and urinated frequently because of it. Dkt. 1-1. These documents were also dated after the date of the incident resulting in the conduct report. *Id.*

As it pertains to his denial of evidence argument, Mr. Davis is not entitled to habeas relief on this ground. Assuming that Mr. Davis was able to present his medical documents at Exhibit A, or that he has a medical condition that would explain his conduct, the Court will address these arguments as a subsequent challenge to the sufficiency of the evidence.

### 2. Sufficiency of Evidence

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must

"satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

> Code A-123 prohibits:
>
> Placing bodily fluid or fecal waste in a location unintended for the hygienic disposal of body fluid or fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste.

Dkt. 10-6 at 3. Urine is a bodily fluid. *Id.*; Ind. Code § 35-45-16-2. The conduct report provided a description of the incident, particularly that Mr. Davis urinated in a strip down area in visitation which is reasonably not an area intended for hygienic disposal of urine or other bodily fluids. Dkt. 10-1. Further, Mr. Davis does not deny urinating in this location; instead, he argues that he has a medical condition that absolves him from committing a violation of code A-123. The respondent argues that "[t]he offense does not include an excuse for medical conditions." Dkt. 10 at 10. The Court agrees that no such exception is outlined in the code. Even so, the DHO attested that he investigated further to uncover any such medical conditions but found none existed. The DHO documented that his findings were based upon the staff reports, and the conduct report alone provides "some evidence" to support Mr. Davis' charge.

Mr. Davis is asking the Court to accept his explanation of the incident, but the Court may not "reweigh the evidence" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652). Accordingly, Mr. Davis is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Davis to the relief he seeks. Accordingly, Mr. Davis' petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/11/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DAVIS
932519
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov